STEVEN D. SMELSER (SBN 180602)
*ssmelser@yukelaw.com*
DAVID A. TURNER (SBN 223986)
*dturner@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:  (213) 362-7777
Facsimile:   (213) 362-7788

Attorneys for Defendant
SAFARILAND, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYMA VANESSA MICHEL, an individual,<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, a federal government agency, B. GIBBONS, an individual, E. GARZA, an individual, G. GARCIA, an individual, SAFARILAND, LLC, a Delaware limited liability company, and DOES 1 THROUGH 100, Inclusive.<br><br>Defendant. | CASE NO. 16CV0277-GPC-RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Date:   May 6, 2016<br>Time:   1:30 p.m.<br>Crtrm.: 2D |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................. ii

II.     SUMMARY OF ALLEGED FACTS .................................................... 1

III.    ARGUMENT ....................................................................................... 2

    A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). ............................................................................................ 2

    B.    Plaintiff Cannot State a Claim Against Safariland for Misrepresentation. ........................................................................ 3

    C.    Plaintiff Fails to State a Claim Against Safariland for Breach of Implied Warranty ..................................................................... 5

    D.    There Is No Cognizable Legal Theory Supporting Plaintiff's Claim for Negligence Against Safariland. ..................................... 6

    E.    The Complaint Fails to Plead a Claim for Unfair Competition. ............ 8

    F.    The Court Should Deny Any Request for Leave to Amend. ................ 9

IV.     CONCLUSION ................................................................................. 10

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................5, 6, 8

*Beckwith v. Dahl,*
  205 Cal. App. 4th 1039 (2012) ......................................................6

*Burr v. Sherwin Williams Co.,*
  42 Cal. 2d 682, 268 P.2d 1041 (1954) ..........................................7

*Clegg v. Cult Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) ...........................................................5

*Dumas v. Kipp,*
  90 F.3d 386 (9th Cir. 1996) .........................................................11

*Fieldstone Co. v. Briggs Plumbing Prods., Inc.,*
  54 Cal. App. 4th 357 (1997) ..........................................................7

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009).....................................................10

*Ky. Fried Chicken of Cal. v. Superior Court,*
  14 Cal. 4th 814, 927 P.2d 1260 (1997) ........................................8

*Ladd v. County of San Mateo,*
  12 Cal. 4th 913, 911 P.2d 496 (1996) ..........................................8

*Lazar v. Superior Court,*
  12 Cal. 4th 631, 909 P.2d 981 (1996) ..........................................5

*Margarita Cellars v. Pac. Coast Packaging, Inc.,*
  189 F.R.D. 575 (N.D. Cal. 1999) ..................................................7

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) .....................................................4, 5

*O'Neil v. Crane Co.,*
  53 Cal. 4th 335, 266 P.3d 987 (2012) ..........................................8

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Osborne v. Subaru of Am., Inc.*,
    198 Cal. App. 3d 646 (1988)...............................................................7

*United States v. Michel*,
    Case No. 3:14-cr-01864-DMS (S.D. Cal.)......................................4

*Verdugo v. Target Corp.*,
    59 Cal. 4th 312, 327 P.3d 774 (2014) (Werdegar, J., concurring)....................9, 10

STATUTES

21 U.S.C. §§ 952 and 960 .........................................................................4

Bus. & Prof. Code §§ 17500 *et seq*...............................................10

Cal. Civ. Code §§ 1709-1710 (2016) .................................................5

California Business and Professions Code § 17200 et seq. ...................4, 10

California Commercial Code § 2012 et seq....................................7

Song-Beverly Act (Civil Code § 1790 et seq.) .................................7

OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ...........................................................................5, 6, 10

Fed. R. Civ. P. 12(b)(6)........................................................................4

Fed. R. Evid. 201 ...................................................................................4

"Narco-Pouch 923 Methamphetamine Test Kit" (hereinafter "Test Kit")...................3

"Otay Mesa/San Diego Prison Facility" (hereinafter "Otay Mesa Facility") .............4

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

I.    **INTRODUCTION**

Plaintiff was stopped by Customs and Border Protection ("CBP") officers at the U.S.-Mexico border.  The CBP officers saw a bottle of liquid inside Plaintiff's vehicle.  If allegations of Plaintiff's Complaint are assumed to be true, the CBP officers, using a test kit allegedly produced and marketed by Defendant Safariland, LLC ("Safariland"), determined that the liquid contained methamphetamine.  The Complaint does not allege that there is any privity between Plaintiff and Safariland or that Plaintiff received or relied on any representations by Safariland.

The Complaint alleges that relying soley on the test kit results, the CBP officers "took action accordingly" and charged and detained Plaintiff.  During her six-month period of incarceration, Plaintiff was "injured by another inmate."  Based on these alleged facts, Plaintiff purports to assert claims against Safariland for misrepresentation, negligence, breach of implied warranty, and unfair competition.  Because these facts do not support, and in several instances negate, Plaintiffs' claims against Safariland, the Court should grant the Motion to Dismiss in its entirety.

II.   **SUMMARY OF ALLEGED FACTS**

The following alleged facts are taken from the Plaintiff's Complaint for Damages (ECF Doc. 1, hereinafter "Compl.").

Plaintiff Doyma Vanessa Michel ("Plaintiff") is alleged to be a U.S. Citizen and California resident.  Compl. ¶ 1.  She alleges that Defendant Safariland, LLC ("Safariland") "is a Delaware limited liability company" that "does business" in California.  *Id.* ¶ 6.  Plaintiff further alleges that Safariland "produced and marketed" the "Narco-Pouch 923 Methamphetamine Test Kit" (hereinafter "Test Kit").  *Id.* ¶ 12.

On June 2, 2014, Plaintiff was arrested at the U.S.-Mexico border at San Ysidro when U.S. Customs and Border Protection ("CBP") officers determined, allegedly by using the Test Kit, that Plaintiff was in possession of

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    methamphetamine.  Compl. ¶¶ 11-12.  Plaintiff maintains that the substance in

2    question was not a controlled substance but was actually cuajo, or rennet, used in

3    making cheese.  *Id.* ¶ 12.  Plaintiff further alleges that the authorities did not retest

4    the substance that the Test Kit determined contained methamphetamine.  *Id.* ¶ 15.

5         Plaintiff was charged with felony importation of methamphetamine in

6    violation of 21 U.S.C. §§ 952 and 960.  (*See United States v. Michel*, Case No. 3:14-

7    cr-01864-DMS (S.D. Cal.).  The Court may take judicial notice under Fed. R. Evid.

8    201 of the charges against Plaintiff.)  Plaintiff was held at the "Metropolitan

9    Correctional Center Federal Prison" from June 3 to August 23, 2014, when she was

10   transported to the "Otay Mesa/San Diego Prison Facility" (hereinafter "Otay Mesa

11   Facility").  Compl. ¶ 13.

12        Plaintiff remained at the Otay Mesa Facility until December 9, 2014, when

13   she was released.  Compl. ¶13.  Plaintiff alleges that on October 14, 2014, while she

14   was at the Otay Mesa Facility, "she was injured by another inmate while working in

15   the kitchen."  *Id.*

16        In February 2016, Plaintiff commenced this action against Safariland, CBP,

17   and certain individual CBP officers.  Plaintiff's Complaint (ECF Doc. 1) purports to

18   assert claims against Safariland (presumably all under California law) for

19   misrepresentation (Compl. ¶¶ 42-49), breach of the implied warranty of fitness (*id.*

20   ¶¶ 50-56), negligence (*id.* ¶¶ 57-66), and unfair competition in violation of

21   California Business and Professions Code § 17200 et seq. (*id.* ¶¶ 67-68).

22   **III.   ARGUMENT**

23        **A.   Legal Standard for Motion to Dismiss Under Fed. R. Civ. P.**

24             **12(b)(6).**

25        A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

26   12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*,

27   250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no

28   cognizable legal theory or an absence of sufficient facts alleged to support a

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  cognizable legal theory.  *Id.*  In such a motion, all material allegations in the
2  complaint are taken as true and construed in the light most favorable to the plaintiff.
3  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported
4  by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662,
5  678 (2009).  Moreover, this Court "is not required to accept legal conclusions cast in
6  the form of factual assertions if those conclusions cannot reasonably be drawn from
7  the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.
8  1994). Only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556
9  U.S. at 679.  A claim is plausible if its factual content permits the Court to draw a
10  reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  The
11  pleading must include "more than the unadorned, the-defendant-unlawfully-harmed-
12  me accusation."  *Id.* at 678.

13       Here, none of Plaintiff's purported claims state a valid cause of action against
14  Safariland, even under the most liberal of pleading standards.  Accordingly,
15  Safariland respectfully requests that the Court grant the motion and dismiss this
16  entire action as to Safariland.

17      **B.**    **Plaintiff Cannot State a Claim Against Safariland for**
18            **Misrepresentation.**

19       All claims sounding in fraud or misrepresentation must be pleaded with
20  particularity, especially with respect to the "circumstances constituting fraud or
21  mistake."  Fed. R. Civ. P. 9(b).  Under California law, to recover on a claim for
22  misrepresentation, a plaintiff must prove all of the following:  (1) the defendant
23  represented to the plaintiff that a fact was true; (2) the defendant's representation
24  was false; (3) the defendant knew that the representation was false when it made it
25  or made the representation recklessly and without regard for its truth; (4) the
26  defendant intended that the plaintiff rely on the representation; (5) the plaintiff
27  reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the
28  plaintiff's reliance on the defendant's representation was a substantial factor in

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1  causing her harm.  *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 909 P.2d 981,

2  984-85 (1996); *see also* Cal. Civ. Code §§ 1709-1710 (2016); California Civil Jury

3  Instruction ("CACI") No. 1900 (2016).

4      "There are two causation elements in a fraud [or misrepresentation] cause of

5  action.  First, the plaintiff's actual and justifiable reliance on the defendant's

6  misrepresentation must have caused [her] to take a detrimental course of action.

7  Second, the detrimental action taken by the plaintiff must have caused [her] alleged

8  damage."  *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1061 (2012).

9      Plaintiff fails to allege misrepresentation with the required particularity.  But,

10  more importantly, the Complaint (ECF Doc. No. 1, ¶¶ 42-49) does not allege that

11  Safariland made any representations, directly or indirectly, expressly or impliedly,

12  to Plaintiff.  As a matter of law, Plaintiff does not have a claim for misrepresentation

13  if no representations were ever made to her.  The Complaint states only that

14  Safariland represented to law enforcement agencies, such as CBP, that the Test Kit

15  "would be of a certain quality, standard, reliability, and accuracy."  This general

16  allegation is not only vague and fails the pleading requirements of Rule 9(b), it also

17  indicates that there are no set of facts under which Plaintiff could possibly recover

18  from Safariland on a misrepresentation claim.

19      Moreover, the allegations of the Complaint establish that Plaintiff did not rely

20  on any representation by Safariland and, by extension, was not harmed by any such

21  representation.  To recover, Plaintiff must prove that the representation at issue

22  "caused [her] to take a detrimental course of action."  *Beckwith*, 205 Cal. App. 4th at

23  1061.  By her own admission, Plaintiff herself did not rely on the Test Kit and did

24  not undertake a detrimental course of action based on the Test Kit.  It is unclear

25  whether Plaintiff had any knowledge (prior to her arrest and alleged injury) that

26  there even was such a thing as a Narco-Pouch 923 Methamphetamine Test Kit.

27      Plaintiff's claim that she was somehow defrauded by Safariland is completely

28  implausible and does not state a claim on which relief can be granted.  *See Iqbal*,

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   556 U.S. at 679.  Because it would be completely inconsistent with the Complaint

2   for Plaintiff to now allege that Safariland made representations to her or that she

3   relied on those representations, the misrepresentation claim (the Fifth Claim for

4   Relief, Compl. ¶¶ 42-49) should be dismissed without leave to amend.

5       **C.    Plaintiff Fails to State a Claim Against Safariland for Breach of**

6           **Implied Warranty.**

7       Both California Commercial Code § 2012 et seq. and the Song-Beverly Act

8   (Civil Code § 1790 et seq.) allow, in the sale of "goods" or "commercial goods," an

9   implied warranty of fitness for a particular purpose.  Plaintiff fails to specify which

10  implied warranty of fitness was allegedly breached in this case.

11      Nonetheless, as a general rule, privity of contract is required for all claims of

12  breach of implied warranty.  *See Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54

13  Cal. App. 4th 357, 369 (1997) (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682,

14  695, 268 P.2d 1041, 1048 (1954) ("The general rule is that privity of contract is

15  required in an action for breach of either express or implied warranty and that there

16  is no privity between the original seller and a subsequent purchaser who is in no

17  way a party to the original sale.")).  There are several exceptions to the privity

18  requirement, including "cases involving foodstuffs" or in cases in which "the

19  purchaser relied on representations made by the manufacturer in labels or

20  advertising material."  *Burr*, 42 Cal. 2d at 696, 268 P.2d at 1049.  Thus, to state a

21  claim for breach of express or implied warranty, a plaintiff must allege privity or

22  one of the recognized exceptions to the general rule.  *Margarita Cellars v. Pac.*

23  *Coast Packaging, Inc.*, 189 F.R.D. 575, 580 (N.D. Cal. 1999) (dismissing warranty

24  claim based on plaintiff's failure to allege privity or a recognized exception).

25      A buyer and seller stand in privity if they are in adjoining links of the

26  distribution chain; therefore, a consumer who buys from a retailer is not in privity

27  with the manufacturer.  *Osborne v. Subaru of Am., Inc.*, 198 Cal. App. 3d 646, 656

28  n.6 (1988).  Here, the Complaint (¶¶ 50-56) does not allege that Plaintiff purchased

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   the Test Kit (or anything else for that matter) from Safariland.  Instead, the

2   Complaint alleges only that Safariland entered into contracts with law enforcement

3   agencies for the sale of methamphetamine test kits.  Compl. ¶ 52.  It is clear from

4   the Complaint that Plaintiff did not purchase the Test Kit and was not involved in

5   any kind of transaction for goods with Safariland.  None of the recognized

6   exceptions to the privity requirement apply here because (as discussed above)

7   Plaintiff did not rely on any representation (including labeling or advertising) by

8   Safariland and the subject product, a methamphetamine test kit, does not involve

9   foodstuffs.  Therefore, it is wholly implausible that Plaintiff could somehow avail

10  herself of any warranty of fitness that was implied in the Test Kit's initial sale, and

11  the Court should dismiss the breach-of-warranty claim (Ninth Claim for Relief,

12  Compl. ¶¶ 50-56) without leave to amend.  *See Iqbal*, 556 U.S. at 679.

13          **D.      There Is No Cognizable Legal Theory Supporting Plaintiff's Claim**

14                  **for Negligence Against Safariland.**

15          "The elements of a cause of action for negligence are well established. They

16  are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the

17  breach as the proximate or legal cause of the resulting injury."  *Ladd v. County of*

18  *San Mateo*, 12 Cal. 4th 913, 917, 911 P.2d 496, 498 (1996) (quotation omitted).

19          "[T]he existence of a duty is a question of law for the court."  *Ky. Fried*

20  *Chicken of Cal. v. Superior Court*, 14 Cal. 4th 814, 819, 927 P.2d 1260, 1263

21  (1997).  "[R]ecognition of a legal duty of care depends upon the foreseeability of the

22  risk and a weighing of policy considerations for and against imposition of liability."

23  *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 364, 266 P.3d 987, 1006 (2012) (quotation

24  omitted).  However, "foreseeability is not synonymous with duty; nor is it a

25  substitute."  *Id*.  These policy considerations include not only foreseeability of harm

26  to the plaintiff but also

27          "the degree of certainty that the plaintiff suffered injury,
            the closeness of the connection between the defendant's
28          conduct and the injury suffered, the moral blame attached

1   to the defendant's conduct, the policy of preventing future
2   harm, the extent of the burden to the defendant and
    consequences to the community of imposing a duty to
3   exercise care with resulting liability for breach, and the
    availability, cost, and prevalence of insurance for the risk
    involved."

4

5   *Verdugo v. Target Corp.*, 59 Cal. 4th 312, 344, 327 P.3d 774, 795 (2014)

6   (Werdegar, J., concurring) (quoting *Rowland v. Christian*, 69 Cal. 2d 108, 112

7   (1968)).

8        Here, Plaintiff alleges that she was stopped at the international border by CBP

9   officers who, in turn, used the Safariland Test Kit to help determine that she was in

10  possession of a controlled substance, methamphetamine.  Plaintiff maintains that the

11  Test Kit misidentified her liquid rennet (cuajo) as methamphetamine, but nowhere

12  does she allege that Safariland knew or had reason to know that cuajo could be

13  misidentified as a controlled substance.  Plaintiff claims that based on the Test Kit

14  results, CBP "took action accordingly," meaning she was arrested and detained.

15  The Complaint does not (and cannot) allege that Safariland exercised any control

16  over CBP's use of the Test Kit or exercised any control over CBP's or prosecutors'

17  determinations that the Test Kit was legally sufficient proof to arrest and detain her.

18  Moreover, the injury Plaintiff complains of occurred more than four months the

19  initial stop and use of the Test Kit.  Furthermore, the injury allegedly occurred in the

20  kitchen of a detention facility over which Safariland has no control.

21        It is completely implausible to posit that Safariland's marketing of

22  methamphetamine test kits could have been a factor, let alone a substantial one, in

23  causing harm to Plaintiff.  The Complaint does not allege that Safariland knew or

24  had reason to know that the Test Kit could misidentify rennet or cuajo as

25  methamphetamine.  Instead the Complaint alleges, in vague and conclusory terms,

26  that "the test kits ultimately sold were not reliable and accurate enough to provide

27  probable cause for arrest," Compl. ¶ 64, even though the Complaint allows that the

28  determination of probable cause is solely within the independent judgment of law

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   enforcement officers and prosecutors, not a commercial entity such as Safariland, *id.*

2   ¶¶ 12-13.

3        The Complaint states no facts indicating how it could have been foreseeable

4   to Safariland that Plaintiff would attempt to bring cuajo across the international

5   border, that the Test Kit would incorrectly identify the cuajo as a controlled

6   substance, that federal authorities would decide to detain Plaintiff for six months,

7   and that during the fourth month of her detention she would be injured in an incident

8   with another inmate.  Here, "the connection between the defendant's conduct and

9   the injury suffered" is so distant and attenuated it does not to support any kind of

10  legal duty.  *Verdugo*, 59 Cal. 4th at 344, 327 P.3d at 795 (Werdegar, J., concurring).

11  The facts of the Complaint, even if taken as true, do not support the existence of a

12  legal duty owed by Safariland to Plaintiff under these extraordinary circumstances.

13  Therefore, the Complaint fails to state a plausible claim for negligence against

14  Safariland and the negligence claim (Tenth Claim for Relief, Compl. ¶¶ 57-66)

15  should be dismissed without leave to amend.

16      **E.    The Complaint Fails to Plead a Claim for Unfair Competition.**

17      Plaintiff purports to state a claim for an alleged violation of the Unfair

18  Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.  Compl. ¶¶ 67-

19  68.  The UCL prohibits unfair competition, which the code defines as "any

20  unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue

21  or misleading advertising, and any act prohibited by [the False Advertising Law,

22  Bus. & Prof. Code §§ 17500 *et seq*.]."

23       Where a plaintiff alleges that the defendant engaged in "a unified course of

24  fraudulent conduct and relies entirely on that course of conduct as the basis of that

25  claim, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the

26  pleading as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns*

27  *v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess v. Ciba-*

28  *Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1    Plaintiff fails to plead her UCL claim with any sort of particularity.  The

2  Complaint alleges only that "the acts and omissions of SAFARILAND constitute 1)

3  unfair business acts and practices; 2) fraudulent business acts and practices; and 3)

4  unfair, deceptive, untrue and misleading advertising."  Compl. ¶ 68.  The Complaint

5  does not identify any specific unfair or fraudulent business practices, nor does it cite

6  to any actual advertising by Safariland that Plaintiff claims is untrue or deceptive.

7  Moreover, since Plaintiff's UCL claim is grounded in fraud, and because the

8  Complaint does not allege that Plaintiff engaged in any commerce with Safariland,

9  directly or indirectly, or relied on any representations by Safariland with respect to

10  the Test Kit, it is wholly implausible that Plaintiff could succeed on an UCL claim.

11  Moreover, Plaintiff claims only that the Test Kit was not "reliable for the purpose of

12  probable cause for arrest," a determination completely controlled by law

13  enforcement and not by Safariland.  And nowhere does the Complaint specifically

14  allege that Safariland knew or had reason to know that its test kits could misidentify

15  rennet or cuajo as a controlled substance.  In the final analysis, Plaintiff is wholly

16  unable to identify any Safariland instruction, warning, advertisement, or business

17  practice that could conceivably cause harm to the public.  Plaintiff's allegations in

18  support of her UCL claim are completely conclusory and unsupported by specific

19  facts.  Therefore, the Court should dismiss the UCL claim (Eleventh Claim for

20  Relief, Compl. ¶¶67-68) without leave to amend.

21    **F.    The Court Should Deny Any Request for Leave to Amend.**

22    While leave to amend is generally granted liberally, the Court has discretion

23  to dismiss a claim without leave to amend if amendment would be futile.  *Dumas v.*

24  *Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).  Here, leave to amend would be futile.  The

25  Complaint does not dispute that Safariland made no representations to Plaintiff, that

26  Plaintiff did not rely to her detriment on any representations by Safariland, and that

27  there is no privity between Safariland and Plaintiff.  What is clear from the

28  Complaint is that the determination of probable cause for Plaintiff's arrest and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   detention, which is the only injury complained of, was made not by Safariland but

2   by law enforcement, over which Safariland exercises no control.  There are no facts

3   Plaintiff could add to the existing Complaint that would help her to survive a motion

4   to dismiss.  Therefore, leave to amend should be denied.

5   **IV.   <u>CONCLUSION</u>**

6          Because the Complaint fails to state a claim against Defendant Safariland,

7   LLC, Safariland respectfully requests that the court dismiss the Complaint without

8   leave to amend.

9

10   DATED:  March 9, 2016                    YUKEVICH | CAVANAUGH

11

12

13   By: _____ s/ David A. Turner _____

14          Steven D. Smelser

15          David A. Turner (dturner@yukelaw.com)

16          Attorneys for Defendant
            SAFARILAND, LLC

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On March 9, 2016, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action as follows:

| | |
|---|---|
| Steven W. Haskins, Esq.<br>HASKINS & ASSOCIATES, APC<br>4045 Bonita Road, Suite 206<br>Bonita, CA 91902-1336 | Attorney for Plaintiff<br>DOYMA VANESSA MICHEL<br><br>T:   (619) 479-4351<br>F:   (619) 479-0337<br><br>SteveH@Haskinslaw.com |
| Paul W. Blake, Esq.<br>LAW OFFICES OF PAUL BLAKE<br>4045 Bonita Road, Suite 206<br>Bonita, CA 91902-1336 | Attorneys for Plaintiff<br>DOYMA VANESSA MICHEL<br><br>T:   (619) 479-4951<br>F:   (619) 479-0337<br><br>Paulwblake@att.net |

**BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 9, 2016, at Los Angeles, California.

Diane L. Gutierrez

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788