# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYMA VANESSA MICHEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, a federal government agency; B. GIBBONS, an individual; E. GARZA, an individual; G. GARCIA, an individual; SAFARILAND, LLC, a Delaware limited liability company; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | CASE NO. 16cv277-GPC(RBB)<br><br>**ORDER GRANTING DEFENDANT SAFARILAND'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND DENYING ITS REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>[Dkt. No. 47.] |

Before the Court is Defendant's motion for leave to file an amended answer to add an affirmative defense and requests attorney's fees and costs incurred in preparing and filing the motion. (Dkt. No. 47.) Plaintiff filed an opposition on August 4, 2017 and Defendant filed a reply on August 18, 2017. (Dkt. Nos. 56, 64.) Based on the reasoning below, the Court GRANTS Defendant's motion for leave to file an amended answer to add an affirmative defense and DENIES Defendant's request for attorney's fees and costs.

/ / / /

**Background**

On February 2, 2016, Plaintiff Doyma Vanessa Michel ("Plaintiff") filed a complaint alleging numerous causes of action against the Defendant United States of America and Defendant Safariland, LLC ("Safariland") for an unlawful arrest and detention in jail for over six months based on a "positive" test result for methamphetamine generated by Narco Pouch 923, manufactured by Safariland, which later confirmed to be negative for methamphetamine. (Dkt. No. 1.) On June 29, 2016, pursuant to a joint motion, Plaintiff filed a second amended complaint ("SAC") asserting three claims against Safariland for negligence, products liability and violation of California Business & Profession Code section 17200 *et seq*. (Dkt. Nos. 21, 22.)

Over a year later, on July 7, 2017, Safariland filed a motion for leave to file an amended answer to add the "sophisticated user"/"sophisticated intermediary" affirmative defense as it only recently learned that Plaintiff had altered her failure to warn theory of liability. Plaintiff opposes arguing that Safariland has been put on notice of her failure to warn theory as it is alleged in the SAC and also disclosed in discovery response. She also contends that an amendment to add the "sophisticated user"/"sophisticated intermediary" affirmative defense would be futile.

**Discussion**

**A. Federal Rule of Civil Procedure 16**

Once a district court has established a deadline for amended pleadings, and that deadline has passed, Federal Rule of Civil Procedure ("Rule") 16 applies to modify a scheduling order. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992). A pretrial scheduling order can only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b). "Good cause" focuses on the diligence of the party seeking an amendment. Johnson, 975 F.2d at 609. The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. In general, the focus of the diligence inquiry is on the time between the moving party's

discovery of new facts and its asking leave of the court to file an amended pleading. See Zivkovic v. S. Cal. Edison Corp., 302 F.3d 1080, 1087-88 (9th Cir. 2002). Rule 16's good cause standard is more stringent that the liberal amendment standard under Rule 15. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 952 (9th Cir. 2006).

Courts have held that waiting one month after discovering new facts to inform the opposing party of its intent to bring a motion to amend or waiting two month after discovery of new facts to file a motion for leave to amend do not constitute diligence under Rule 16. See Schwerdt v. Int'l Fidelity Ins. Co., 28 F. App'x 715, 719 (9th Cir. 2002) (delay of one month to inform opposing party of his intent to seek leave to amend after learning of facts from a witness' deposition does not constitute diligence under Rule 16); Experexchange, Inc. v. Doculex, Inc., No. C-08-3875 JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months after discovering new facts to file motion to amend and after fully briefed summary judgment motion did not meet the good cause standard under Rule 16).

Safariland has not addressed whether good cause exists to extend the time to file a motion for leave to file an amended answer. Nonetheless, the Court addresses the issue. On July 6, 2016, the scheduling order set a deadline of September 6, 2016 to file a motion to amend the pleadings. (Dkt. No. 27.) Ten months have passed before Defendant sought leave to amend. Safariland asserts, in its Rule 15 motion, that it was only after Plaintiff served her expert reports on May 30 and May 31, 2017 that she appears to have asserted an altered theory of liability that Safariland failed to instruct law enforcement officers and agents as to the characteristics of Safariland's non-defective product.

Looking at the time when Safariland learned the altered theory of liability at the end of May 2017 to July 7, 2017, the filing date of the instant motion, over a month passed. The Court concludes that this constitutes good cause to amend the scheduling order. First, while Plaintiff's expert reports were served on May 30 and 31, 2017, it is

not clear when defense counsel actually reviewed the reports. It would be reasonable for defense counsel to have completed review in early June 2017. Then, on June 21, 2017, defense counsel reached out to Plaintiff's counsel where he informed Plaintiff's counsel that it appeared that Plaintiff was pursuing an altered theory of liability not suggested by the operative complaint which Plaintiff's counsel acknowledged. (Dkt. No. 47-2, Eftekar Decl. ¶ 19.) Plaintiff's counsel indicated she believed Plaintiff would stipulate to an amended answer by Safariland. (Id.) Counsel for the government agreed to stipulate to an amended answer. (Id. ¶ 20.) On June 22, 2017, defense counsel prepared a proposed stipulation and redlined Amended Answer and circulated the documents to all counsel. (Id. ¶ 21.) Counsel for the government confirmed his approval to the stipulation on June 23, 2017. (Id.) After a disagreement with Plaintiff's counsel on the issue on June 23, 2017, (id. ¶¶ 22, 23), on June 29, 2017, the parties talked again and could not agree. (Id. ¶ 24.) Then on July 7, 2017, Defendant filed its motion. (Dkt. No. 47.)

     Defendant informed Plaintiff about its intent to file a motion to amend less than three weeks after it discovered the new theory of liability. Then after the parties could not agree on a stipulation, Defendant took eight days to file its motion for leave to amend. The Court concludes that Defendant acted with diligence in seeking relief and there is "good cause" to modify the scheduling order to allow Defendant to file the instant motion.

**B.     Federal Rule of Civil Procedure 15(a)**

     Under Rule 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality."

DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiff disputes the motion based on undue delay and futility.

**1.      Undue Delay**

Safariland argues that Plaintiff's theory in the complaint and in discovery was that the product itself was defective and Safariland failed to warn about the defect in the product. Recently, Plaintiff clarified its failure to warn claim in her expert reports disclosed on May 30 and 31, 2017, that the product itself is not defective but that Defendant failed to properly explain to the officers and agents, the users of its product, about the limitations of the Narco Pouch 923 and on the proper use of the product. In response, Plaintiff argues that Safariland had ample notice of the failure to warn claim as it was alleged in paragraphs 60 and 61 in the SAC and disclosed in discovery

responses.

Undue delay addresses not only whether the motion was filed within the time allotted , but also "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen, 465 F.3d at 953; see Jackson v. Bank of Haw., 902 F.2d 1385, 1388 (9th Cir. 1990) (denying leave to amend because the plaintiffs did not cite any facts or theories supporting the fact that they did not have important evidence until after additional discovery completed). However, "[u]ndue delay by itself is insufficient to justify denying leave to amend." United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016).

Here, Defendant claims it learned about the new failure to warn theory after receiving Plaintiff's expert reports at the end of May. Then defense counsel reached out to Plaintiff's counsel, around three weeks later on June 19, 2017. While Plaintiff claims that the SAC alleged their failure to warn theory under paragraphs 60 and 61, the paragraphs can be subject to interpretation. Paragraph 60 states that "SAFARILAND owed a duty to the general public, including PLAINTIFF, to adequately warn law enforcement agencies that the field drug test kits in question should not to (sic) be used as probable cause for arrest." (Dkt. No. 22, SAC ¶ 60.) Paragraph 61 provides that "[a]dequate warning should have been given to law enforcement agencies that the SAFARILAND products were not reliable." (Id., SAC ¶ 61.) Paragraph 61 can be viewed as stating that Safariland failed to warn that the product were not reliable because they were defective or that it failed to warn that the product tests for any secondary amine, whether lawful or not, that many lawful substances contain secondary amines and can cause a positive result, and that a positive field test result should not be understood as confirmation of identification. The failure to warn allegation is subject to interpretation and not definitively clear. However, even if Defendant should have known about the altered failure to warn theory when the SAC was filed, "[u]ndue delay by itself is insufficient to justify denying leave to

amend." United Healthcare Ins. Co., 848 F.3d at 1184.

### 2. Futility

Plaintiff argues that the sophisticated user defense has no support based on the the undisputed factual evidence showing the officers in the case received no specific training on the NarcoPouch 923. Defendant contends that such an argument is not proper on a motion to amend.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); accord Green Valley Corp. v. Caldo Oil Co., No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility."). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, is better left for briefing on a motion to dismiss. Lillis v. Apria Healthcare, No. 12cv52-IEG(KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Plaintiff argues the merits of the sophisticated user defense arguing there are undisputed fact such that the defense does not apply. However, the Court is not in a position to determine the validity of these facts. Currently before the Court are Plaintiff and Defendant's motions for summary judgment where the defense of "sophisticated user"/"sophisticated intermediary" is argued with supporting facts. The Court will consider the applicability of the affirmative defense when ruling on the motions for summary judgment. At this time, the Court cannot conclude that no set of facts can be proved on the affirmative defense of "sophisticated user"/"sophisticated intermediary." Therefore, granting Defendant leave to file an amended answer would

not be futile.

Based on the above, Plaintiff has only potentially demonstrated undue delay; however, undue delay is not sufficient reason to deny a motion for leave to amend. Thus, the Court GRANTS Defendant's motion for leave to file an amended answer.

**C.     Request for Attorney's Fees and Costs**

Defendant also requests reasonable attorney's fees and costs in the preparation and filing of this motion as allowed by Civil Local Rule 26.1(a) and 83.1. Plaintiff does not address Defendant's request.

First, besides citing to two Civil Local Rules without providing the text of the rules it relies upon, Defendant does not provide any legal authority for its request. If it had, it would learn that Civil Local Rules 26.1(a) and 83.1 do not apply in this case. Civil Local Rule 26.1(a) provides that a failure by a party to meet and confer may subject that party to an order to pay reasonable attorney's fees and the meet and confer only applies to any motion a party seeks to file pursuant to Federal Rules of Civil Procedure 26 through 37. Civil Local R. 26.1(a). In this case, Defendant moves to amend the answer under Rule 15 and there is no requirement to meet and confer when filing a motion to amend the answer. As to Civil Local Rule 83.1, which concerns sanctions for noncompliance with the rules, Defendant fails to assert which rule Plaintiff has not been complied with. Accordingly, on the legal standard alone, the Court DENIES Defendant's motion for reasonable attorney's fees and costs.

**Conclusion**

Based on the above, the Court GRANTS Defendant Safariland's motion for leave to file an amended answer to add an affirmative defense and DENIES it's request

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

for attorney's fees and costs.  Safariland shall file an amended answer within three (3) days of the filing of his Order.  The hearing set for September 1, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: August 22, 2017

HON. GONZALO P. CURIEL
United States District Judge